### UNITED STATES DISTRICT COURT

### MIDDLE DISTRICT OF LOUISIANA

**ASHLEY PAGE GREENE**

**CIVIL ACTION**

**VERSUS**

**NO. 23-1648-JWD-RLB**

**NEVRO CORPORATION, ET AL.**

### RULING ON THE RULE 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ON BEHALF OF CHARLES BOWIE, M.D. AND THE NEUROMEDICAL CENTER, APMC

Before the Court is a *Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim on Behalf of Charles Bowie, M.D. and The Neuromedical Center, APMC*, ("*Motion*") (Doc. 14), filed by defendants Charles Bowie, M.D. ("Bowie") and The Neuromedical Center, APMC ("Neuromedical") (collectively, "Defendants"). It is opposed by plaintiff Ashley Page Greene ("Greene" or "Plaintiff"). (Doc. 21.) Defendants filed a reply memorandum. (Doc. 24.) Oral argument is not necessary. The Court has carefully considered the law, facts in the record, and arguments and submissions of the parties and is prepared to rule. For the following reasons, the *Motion* is granted, and Greene's claims against Bowie and Neuromedical are dismissed without prejudice.

### BACKGROUND AND ARGUMENT OF THE PARTIES

This is a medical product liability case combined with a medical malpractice case. In her *Complaint*, Greene alleges that on or about December 7, 2022, neurosurgeon Bowie surgically implanted into Greene's spine a spinal cord stimulator ("stimulator") designed and manufactured by Nevro Corporation. (Doc. 1 at 2, ¶ 4.)[1] She alleges that following the surgery, she suffered

---

[1] Plaintiff's *First Amended Complaint* (Doc. 7) merely corrects the name of the defendant neurosurgeon and incorporates by reference all other allegations of the original *Complaint* (Doc. 1.) Therefore, all references are to the original *Complaint*.

extreme pain and increasing difficulty maintaining balance (*id*. ¶ 5) but, despite the surgical removal of the device (*id*. at 3, ¶ 8), she eventually "suffered severe, permanent nerve damage (neuropathy), cannot walk on her own or drive, ride in a car for more than an hour, has lost feelings in her legs and feet, lost her job, and is unable to live on her own" (*id*.). Greene alleges that the medical negligence of Bowie caused the injuries and damages complained of. (*Id*. at 3–4, ¶¶ 11–12.) Greene claims that Neuromedical, as employer of Bowie, is vicariously liable for Bowie's medical negligence. (*Id*. at 3, ¶ 10.) Plaintiff acknowledges that she has initiated a "Request for Review pending before the Division of Administration, Patient Compensation Fund, State of Louisiana" (hereinafter, "Medical Review Panel proceeding") which involves "the subject matter of this litigation." (*Id*. ¶ 9.)

Defendants argue that the suit is premature under Louisiana Medical Malpractice Act ("LMMA"), La. R.S. § 40:1231.1, *et seq*., which mandates that the Court dismiss without prejudice Plaintiff's medical malpractice claims until the Medical Review Panel reaches its decision. (Doc. 14-2 at 6, 9–11 (citing, *inter alia*, La. R.S. § 40:1231.8(B)(1)(a)(i)).) They contend therefore that this medical negligence suit against them is premature and should be dismissed without prejudice until the conclusion of the Medical Review Panel proceeding. (*Id*.)

Greene admits that she has filed a medical malpractice claim with the Louisiana Patients' Compensation Fund against Bowie and Neuromedical requesting a review by a medical review panel. (Doc. 1, at 3, ¶ 9; Doc. 21 at 1; *see also* Docs. 14-5, 14-6, and 14-7 (Plaintiff's pleadings filed in the Medical Review Panel proceeding).) Greene admits that Bowie and Neuromedical "unquestionably have a right as qualified healthcare providers to have medical malpractice claims against them reviewed by a medical review panel." (Doc. 21 at 1.) However, Plaintiff maintains

that, "on the ground of judicial economy," the Court should stay the proceedings until the Medical Review Panel has met and rendered its decision. (*Id.* at 2.)

In reply, Defendants repeat the arguments advanced in their original memorandum, analogize to cases where the Louisiana Supreme Court denied motions to stay, and urge the Court to dismiss the medical malpractice claim without prejudice. (Doc. 24 at 6–9.)

## DISCUSSION

Here, Plaintiff concedes that Bowie and Neuromedical are qualified healthcare providers and that both "unquestionably have a right as qualified healthcare providers to have medical malpractice claims against them reviewed by a medical review panel." (Doc. 21 at 1; *see also* Docs. 14-5, 14-6 and 14-7 (attaching pleadings filed in the Medical Review Panel proceeding).)

> Under the LMMA, "[n]o action against a health care provider . . . may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel. . . ." La. R.S. § 40:1231.8(B)(1)(a)(i). "The Supreme Court of Louisiana has interpreted this provision to not only require the plaintiff to present the claim to a medical review panel, but also to wait until 'the panel has *rendered its expert opinion* on the merits of the complaint' before filing suit." *Flagg v. Stryker Corp.*, 819 F.3d 132, 137–38 (5th Cir. 2016) (quoting *Delcambre v. Blood Sys., Inc.,* 2004-0561 (La. 1/19/05), 893 So. 2d 23, 27). If the plaintiff fails to comply with the pre-suit exhaustion requirement, then his claim is subject to dismissal without prejudice. *Id*. at 138. "Federal courts adjudicating Louisiana law claims recognize and enforce the LMMA's procedural prerequisite to suit." *Lockwood v. Our Lady of the Lake Hosp., Inc*., No. CV 17-00509-SDD-EWD, 2018 WL 3451514, at *3 (M.D. La. July 17, 2018).

*Fletcher v. Whittington*, No. 18-1153, 2019 WL 2511033, at *2 (W.D. La. May 23, 2019), *report and recommendation adopted*, No. 18-1153, 2019 WL 2504758 (W.D. La. June 17, 2019).

Plaintiff's suit against Bowie and Neuromedical is premature, and, accordingly, the *Motion* filed by Bowie and Neuromedical will be granted.[2]

---

[2] Because of the pending Medical Review Panel proceeding, Defendants also urge that "there is no compelling reason . . . to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367." (Doc. 14-2 at 12.) Given the Court's decision to dismiss without prejudice on other grounds, the Court need not address this issue.

**CONCLUSION**

For the foregoing reasons, the *Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim on Behalf of Charles Bowie, M.D. and The Neuromedical Center, APMC* (Doc. 14) is **GRANTED** and Plaintiff's claims against Charles Bowie, M.D. and The Neuromedical Center, APMC are **DISMISSED WITHOUT PREJUDICE** pending resolution of the Medical Review Panel proceeding.

Signed in Baton Rouge, Louisiana, on <u>January 31, 2025</u>.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**